COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, Decker and AtLee
Argued at Salem, Virginia


KELAND ONEAL SHELTON, S/K/A
  KELAND O'NEAL SHELTON

                                                          OPINION BY
v.        Record No. 0327-15-3            JUDGE RANDOLPH A. BEALES
                                                        FEBRUARY 9, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
Martin F. Clark, Jr., Judge

(Kimberly R. Belongia, on brief), for appellant.  Appellant
submitting on brief.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Keland Shelton (appellant) was convicted following a bench trial of assault and battery of

a law-enforcement officer in violation of Code § 18.2-57(C) and escape from custody by force or

violence in violation of Code § 18.2-478.  The trial court sentenced appellant to a total of ten

years in prison, with eight years and one month suspended.  The trial court also ordered appellant

to "make restitution in the amount of $9,281.72 to the victim" for injuries sustained by

Lieutenant Davis.  Appellant contests the trial court's order of restitution, arguing that the court

erred in finding that the restitution amount of $9,281.72 is causally connected to the assault and

battery of a law enforcement officer.  For the following reasons, we affirm the trial court.

I. BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as

we must since it was the prevailing party" in the trial court.  Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).  So viewed, the evidence at trial was that on September 8, 2013, Investigator Travis Hambrick, Lieutenant Wayne Davis, and a Deputy Stone of the Henry County Sheriff's Office went to appellant's home on Rock Hill Community Road to serve an arrest warrant on appellant.  As Investigator Hambrick knocked on the side door of the residence, the officers heard movements inside the house.  After approximately two minutes, appellant's brother answered the door.  Appellant's brother told the officers that he had not seen appellant, but he allowed the officers to come inside to look around.  Once inside the residence, Investigator Hambrick located an attic access cover that was partially open.  At that time, Investigator Hambrick announced to appellant that he knew appellant was hiding in the attic and told him that he needed to come down.  Appellant – who was hiding in the attic – responded to Investigator Hambrick by stating, "Okay.  You got me.  I'm coming down."

Appellant jumped down through the wood cover on the attic, broke it, and landed on his feet between Investigator Hambrick and Lieutenant Davis.  Appellant saw that Investigator Hambrick had his weapon drawn, so he put his hands in the air and said, "You've got me." Investigator Hambrick holstered his weapon and grabbed appellant's right arm.  He informed appellant he was under arrest and attempted to handcuff him.  At that moment, appellant pushed Investigator Hambrick away with a "stiff arm" like motion, and ran out of the residence. Investigator Hambrick testified that appellant was wearing nothing but his underwear and socks and had been sweating profusely.  Investigator Hambrick stated that the push, as well as the fact that appellant was "sweating so bad," caused him to lose his grip on appellant's arm.

Lieutenant Davis pursued appellant on foot as he ran out of the residence into a neighbor's yard and towards the woods.  Appellant jumped over a brush pile during his escape. As Lieutenant Davis jumped over that same pile, his right foot landed on a large rock that was concealed by high weeds and he fell to the ground injured.  Lieutenant Davis suffered a stress

fracture of his ankle, a tear of his Achilles tendon, a fracture of his right hand, and a sprain of his hip. The medical expenses for the injuries he sustained totaled $9,281.72.

After a bench trial, appellant was convicted of assault and battery of a law enforcement officer in violation of Code § 18.2-57(C) and escape from custody by force or violence in violation of Code § 18.2-478. The trial court sentenced appellant to a total of ten years in prison, with eight years and one month suspended – and also ordered appellant to "make restitution in the amount of $9,281.72 to the victim" for the injuries sustained by Lieutenant Davis. In announcing its ruling, the trial court stated:

> *The escape was just so foolish and let me address the restitution issue, in conjunction with that.* I think restitution is appropriate. There is no temporal break; if you apply a but-for test, it certainly works. *But for his fleeing, this officer would not have been chasing him and would not have – I think it was his knee he tore all up. It wouldn't have happened.* More importantly, if you read the restitution cases and I didn't know this issue was coming up today, but I think that it's reasonable relationship between the offense and the remedy and restitution sought. Yeah; you don't get to pay – if somebody breaks in your house there is a case that says you don't get to put up video cameras. But, I mean, I think if you look at this in a civil standard and in the standard for restitution, you know, *his flight caused this problem and it is certainly reasonably related* and it is certainly a but-for test. It certainly fits that, so I think restitution is appropriate, with interest.

(Emphasis added). This appeal followed.

## II. ANALYSIS

### A. Standard of Review

Appellant argues that the trial court erred when it found that the restitution amount of $9,281.72 was causally connected to the assault and battery on a law enforcement officer. We review a trial court's decisions on restitution and other sentencing matters under an abuse of discretion standard. See Burriesci v. Commonwealth, 59 Va. App. 50, 55, 717 S.E.2d 140, 143 (2011); Alger v. Commonwealth, 19 Va. App. 252, 257, 450 S.E.2d 765, 768 (1994). Although

it is within the trial court's discretion, the scope of restitution is limited "to payments for 'damages or losses caused by the offense.'" Howell v. Commonwealth, 274 Va. 737, 740, 652 S.E.2d 107, 108 (2007) (citing Code §§ 19.2-303, -305(B)). The Supreme Court stated, "Costs that result only indirectly from the offense, that are a step removed from the defendant's conduct, are too remote and are inappropriate for a restitution payment." Id. at 741, 652 S.E.2d at 109.

### B. The Restitution Award was the Result of the Escape Conviction

When this Court granted appellant's petition for appeal, the order of the Court instructed the parties "to address (1) whether the restitution was the result of the assault and battery conviction, the escape conviction, or both and (2) the effect of the answer to that question on the appeal." Appellant argues in his brief that the "restitution amount of $9,281.72 is causally connected to the assault and battery on a law enforcement officer." We find that, contrary to the assertions of appellant, the trial court awarded restitution in this matter as a result of injuries that were caused to the pursuing officer by appellant's escape from the custody of law enforcement.

A trial court "speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). "However, in construing an order of a lower court that does not conflict with the transcript, a reviewing court may consider the lower court's statements from the bench to determine what construction a lower court has placed on its own order." Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008) (citing Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144 , 530 S.E.2d 148, 152 (2000)). While the sentencing order does not expressly state that the restitution award was specific to one offense, our review of the transcript of the sentencing hearing reveals that the trial court clearly awarded restitution as a result of appellant's escape offense.

Our conclusion that the trial court judge awarded restitution for the escape conviction is supported by numerous statements made by the trial judge at the sentencing hearing. First, the trial judge states, "The escape was just so foolish and let me address the restitution issue, in conjunction with that. I think restitution is·appropriate." The court goes on to state, "But for his fleeing, this officer would not have been chasing him and would not have – I think it was his knee he tore all up. It wouldn't have happened." Finally, the trial judge concludes, "If you look at this in a civil standard and in the standard for restitution, you know, his flight caused this problem and it is certainly reasonably related and it is certainly a but-for test." From the trial court record, we conclude that the only reasonable interpretation of the trial court's statements is that the trial court awarded restitution for injuries caused by appellant's unlawful escape from custody.

### C. Appellant's Escape was the Direct Cause of the Officer's Injuries

Reviewing the evidence before the trial court, we agree with the trial judge that appellant's escape from custody was the direct cause of Lieutenant Davis's injuries. The court has authority under the Virginia Code to order that the defendant "make at least partial restitution" to an "aggrieved party or parties for damages or loss caused by" the offense or offenses for which the defendant was convicted. Code §§ 19.2-303 and 19.2-305(B); see also Code § 19.2-305.1(A). According to the Supreme Court in Howell, these sentencing statutes have "limited the scope of restitution a court may order to payments for 'damages or losses caused by the offense.'" Howell, 274 Va. at 740, 652 S.E.2d at 108. In short, the Supreme Court, in interpreting the scope of restitution allowed by these statutes, has held that restitution is proper only when a victim's financial loss is actually "caused by the offense" – not when the financial loss is only "related to" the offense. Id. at 741, 652 S.E.2d at 109.

In Howell, the defendant burglarized the victims' business. After the burglary, the owners said they "felt forced to install a new security system at their business" because one of

the owners no longer felt comfortable being alone in the building.  Id. at 740, 652 S.E.2d at 108.

The cost of this security system was included in the amount of restitution ordered by the trial

court.  Id. at 739, 652 S.E.2d at 108.  This Court affirmed the restitution order, holding that it

"was reasonably related to Howell's criminal activities," but the Supreme Court subsequently

reversed the restitution order, holding that "the installation of a security system, while related to

Howell's burglary, was not caused by the offense as required by Code §§ 19.2-303, -305(B), -

305.1(A)."  Id. at 739, 741, 652 S.E.2d at 108, 109.  The Court explained that the "attenuation"

was "too great" to warrant ordering restitution for the cost of installing the security system,

which included the first eight months of premiums for the company's monitoring of the security

system.  Id. at 741, 652 S.E.2d at 109.

The relevant holding of the Supreme Court in Howell states, "Costs that result only

indirectly from the offense, that are a step removed from the defendant's conduct, are too remote

and are inappropriate for a restitution payment."  Id.  Unlike the award of restitution for the cost

of a security system in Howell, the evidence in this case is undisputed[1] that appellant's escape

from custody was a "but for" cause of Lieutenant Davis's injuries.  Appellant was convicted of

escape from police custody by force and violence.  When appellant broke free from police

custody by shoving Investigator Hambrick, Lieutenant Davis pursued appellant on foot as he ran

out of his residence toward the woods.  During his escape, appellant jumped over a brush pile as

Davis followed.  When Lieutenant Davis jumped over that same pile, his right foot landed on a

large rock that was concealed by high weeds, and he sustained serious injuries – including a

---

[1] Even appellant generally recognized that restitution was proper in this case, having stated at the sentencing hearing that "I would reiterate my apology to [the officers] and also kind of extend my hand, as far as *I want to pay the restitution*, based on the fact that even though I didn't directly have nothing to do with the fall, per se; but *it still was a result of my actions*." (Emphasis added).

stress fracture of his ankle, a tear of his Achilles tendon, a fracture of his right hand, and a sprain of his hip. His medical expenses from these injuries totaled $9,281.72.

As required by the Supreme Court in Howell, the restitution ordered in this case was directly caused by appellant's criminal conduct of escaping from police custody. In Howell, the loss suffered was the cost of a security system installed *well after* the defendant had committed the burglary that served as the basis for the award of restitution. In the present case, the injuries suffered by Lieutenant Davis occurred *during* the actual commission of appellant's criminal escape from custody. Therefore, we conclude that appellant's escape was a "but for" cause of Lieutenant Davis's injuries that served as the basis for the restitution award. As such, there are no issues of remoteness or attenuation that would otherwise limit the discretion of the trial court to award restitution based on these facts. For those reasons, the trial court did not abuse its discretion by awarding restitution in this case.

## III. CONCLUSION

Pursuant to the Supreme Court's decision in Howell, we conclude that the trial court did not abuse its discretion when it ordered restitution for the financial loss suffered as a result of the officer's injuries. Accordingly, for the foregoing reasons, we affirm the trial court.

Affirmed.