PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, O'Brien and Russell
Argued at Lexington, Virginia

BRENDA MARIE FLEISHER

OPINION BY
v.      Record No. 0220-18-3      JUDGE MARY GRACE O'BRIEN
JANUARY 29, 2019
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Clyde H. Perdue, Jr., Judge

George P. Hunt, III (Davis, Davis, Davis, & Davis, on brief),
for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Brenda Marie Fleisher ("appellant") was convicted of felony unauthorized use of a motor

vehicle, in violation of Code § 18.2-102. She contends that the court abused its discretion by

imposing a sentence which included an amount of restitution that exceeded the loss "caused by the

offense." Finding no error, we affirm.

BACKGROUND

On June 20, 2017, appellant and the victim became involved in an argument at a residence

in Franklin County. Appellant took the keys to the victim's Hyundai Santa Fe and drove away in

the vehicle. She did not have permission to take the car. The Hyundai was recovered several days

later in Roanoke. However, the victim's purse, which was in the car when appellant took it, was

missing. The victim reported that the purse contained $300 in cash and keys to her other vehicle, a

Toyota RAV4.

Appellant was charged with felony unauthorized use of a motor vehicle and entered a no contest plea, pursuant to a plea agreement.[1]  The plea agreement provided that appellant would pay restitution "in an amount to be determined by the [c]ourt after hearing evidence on the matter."  The court accepted the plea agreement.  In the conviction order, the court sentenced appellant to a term of incarceration in the state penitentiary and suspended the sentence conditioned, in part, on a period of supervised probation and payment of restitution in an amount "[t]o be determined."

At the subsequent restitution hearing, appellant testified that she left the keys in the unlocked vehicle when she abandoned it.  The Commonwealth presented evidence that the victim never recovered her purse, its contents, or any keys.  The victim explained that although she had spare keys to both the Hyundai and the Toyota, she wanted the door locks to both vehicles changed because she was "worried that whoever stole [her] purse and has [the] Toyota key is going to come [and] track it down . . . and drive off with [her] car."  At the time of the hearing, the victim was securing her Toyota with a steering wheel lock.

The Commonwealth presented an estimate from a Hyundai dealership that reflected the cost of replacing the keys and locks.  The cost was $358 for the "key & cyli[nder]," $360 for labor, and $38 in sales tax, for a total cost of $756.  Appellant conceded that she was responsible for $358 in restitution.[2]

The Commonwealth also introduced an estimate from a Toyota dealership reflecting the cost of ordering new keys, replacing lock cylinders on the doors, and reprogramming the computer inside that vehicle.  In an email, a Toyota representative explained that "they have to completely

---

[1] Appellant was also charged with grand larceny in violation of Code § 18.2-95, and assault and battery in violation of Code § 18.2-57.  The Commonwealth agreed to *nolle prosequi* those charges in exchange for appellant's no contest plea.

[2] On brief and at oral argument, appellant indicated that she understood the $358 to represent the cost of replacing the lost Hyundai key and that the $360 "labor" cost was to replace the locks.

redo the computer" to accept new keys so that "old keys will then no longer work at all to open or start the vehicle." The total estimate for redoing the key-and-lock system was $2367. The cost merely to replace the lost key was $208 plus $122 for limited programming labor. Appellant argued that she should only be responsible for the cost of replacing the lost key, not the cost of changing the locks and completely reprogramming the computer.

At the conclusion of the hearing, the court ordered appellant to pay $3423 in restitution. The total included the $300 cash that was taken, $756 in costs related to the Hyundai, and $2367 in costs related to the Toyota. The court explained "[t]hat's [for] the keys and for her to be able to redo the locks. The keys are out there, she doesn't know where they are, [and] we don't know where they are. The car needs to be safe now."

DISCUSSION

Appellant asserts that the court erred by ordering restitution for the cost of changing the locks on the victim's vehicles as part of her sentence because the locks "were neither damaged nor lost." The Commonwealth responds that appellant's actions resulted in the victim losing the ability to protect her vehicles from theft. It argues that changing the locks would assure the victim that "no criminal actor has unfettered access to her personal property."

"A sentencing decision will not be reversed unless the trial court abused its discretion." Burriesci v. Commonwealth, 59 Va. App. 50, 55 (2011) (quoting Martin v. Commonwealth, 274 Va. 733, 735 (2007)). It is immaterial that other judges "might have reached a different conclusion than the one under review." Du v. Commonwealth, 292 Va. 555, 564 (2016). "The exercise of discretion . . . presupposes 'that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts – yet still remain entirely reasonable.'" Id. (quoting Thomas v. Commonwealth, 62 Va. App. 104, 111 (2013)).

When a court suspends a sentence, it has statutory authority to require that the defendant make restitution for causally-related losses:

> After conviction . . . the court may . . . suspend the sentence in whole or part and . . . may, as a condition of a suspended sentence, require the defendant to make at least partial restitution to the aggrieved party or parties for *damages or loss caused by the offense* for which convicted.

Code § 19.2-303 (emphasis added). Similarly, the terms of probation may require a defendant to make restitution "to the aggrieved party . . . for *damages or loss caused by the offense* for which conviction was had." Code § 19.2-305(B) (emphasis added). Code § 19.2-305.1(A) mandates that "no person convicted of a crime . . . which resulted in property damage or loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss."

The Supreme Court has interpreted the statutory language "damages or loss caused by the offense" to limit restitution to costs "directly caused by the offense" and not merely "related to" the offense. Howell v. Commonwealth, 274 Va. 737, 741 (2007). "Costs that result only indirectly from the offense, that are a step removed from the defendant's conduct, are too remote and are inappropriate for a restitution payment." Id. See also Shelton v. Commonwealth, 66 Va. App. 1, 7-8 (2016) (affirming restitution order to reimburse police officer's medical expenses where defendant's escape was a "but for" cause of the injuries, and "there [were] no issues of remoteness or attenuation"). Appellant argues that ordering her to pay for changing the locks violates the requirement in Howell that limits restitution to losses "directly caused by the offense." We disagree.

In Howell, after the defendant burglarized a business and stole various items, the owners installed a security system. 274 Va. at 739. The court ordered the defendant to reimburse the owners for installation of the security system and pay for eight months of service monitoring

charges.  Id.  The Supreme Court reversed, holding that the costs of installing and maintaining a security system were too remote from the defendant's conduct.  The Court held that "the installation of a security system, while *related* to [the defendant's] burglary, was not *caused* by the offense as required by Code §§ 19.2-303, -305(B), -305.1(A)."  Id. at 741 (emphasis added).

Here, however, the court ordered appellant to pay restitution for a loss directly caused by the offense.  By unlawfully taking the victim's Hyundai and its contents, appellant compromised the victim's ability to protect her vehicles from unwanted intrusion.  She abandoned the Hyundai, unlocked.  Although the vehicle was recovered and returned to the victim, both sets of keys were missing.  As a result, the locks on both cars no longer functioned as before, to limit access.  The court did not order appellant to pay restitution for the cost of a *new* security system as in Howell but, rather, for the cost of restoring a pre-existing security system rendered ineffective by appellant's criminal conduct.  Accordingly, requiring appellant to pay for changing the locks is not too remote or attenuated from the crime to establish an abuse of discretion.  See Shelton, 66 Va. App. at 8.

One purpose of restitution is to make the victim whole by compensating him for losses caused by the offense for which the defendant was convicted.  See Ellis v. Commonwealth, 68 Va. App. 706, 714-16 (2018).  See also McCullough v. Commonwealth, 38 Va. App. 811, 815 (2002) (noting that restitution "help[s] make the victim of a crime whole"), distinguished on other grounds by Ellis, 68 Va. App. at 712-14.  Payment of restitution restores a victim to his status before the crime occurred.  See Alger v. Commonwealth, 19 Va. App. 252, 257-59 (1994) (holding that courts may properly consider victim impact statements when determining the appropriate amount of restitution owed by a defendant).  The new lock-and-key systems in both cars, including the computer reprogramming in the Toyota, were not security upgrades.  Instead, they made the victim whole by returning her to the pre-crime status when she controlled access to her cars.

When imposing sentence, the court "has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Sauder v. Ferguson, 289 Va. 449, 459 (2015) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Du, 292 Va. at 564 (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)).

We find that the court did not abuse its discretion in ordering appellant to pay restitution in the amount necessary to replace the locks and cylinders on the Hyundai and Toyota and to reprogram the Toyota's computer. These costs were for losses directly caused by appellant's criminal offense and did not go beyond making the victim whole. Accordingly, we affirm the order of restitution.

Affirmed.