COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Malveaux and Senior Judge Clements
Argued by teleconference


HAROLD BAUGH, S/K/A
 HAROLD J. BAUGH

                                                  MEMORANDUM OPINION* BY
v.        Record No. 0347-18-2                    JUDGE MARY BENNETT MALVEAUX
                                                  DECEMBER 10, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Humes J. Franklin, Jr., Judge Designate

J. Burkhardt Beale (Boone Beale, PLLC, on brief), for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Harold J. Baugh ("appellant") was convicted of attempted malicious wounding, in

violation of Code §§ 18.2-51 and -26.  He argues that the trial court erred in setting the amount

of restitution it required him to pay his estranged wife ("the victim") as a condition of his

suspended sentence.  For the reasons that follow, we affirm the decision of the trial court.

I.  BACKGROUND

On April 16, 2017, appellant drove his car into the victim's car three times.  The victim

suffered only minor injuries but her car was destroyed.  Appellant was indicted for attempted

malicious wounding, in violation of Code §§ 18.2-51 and -26, and convicted of that offense in a

bench trial.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also entered a guilty plea to reckless driving, in violation of Code § 46.2-852.
Judge Richard E. Moore presided over the bench trial, and Judge Humes J. Franklin, Jr. presided
over the sentencing hearing.

At sentencing, the Commonwealth requested that appellant be required to pay the victim $6,639.23 in restitution. That amount, the Commonwealth argued, represented the balance of a loan owed by the victim on her destroyed car and the sum of the victim's medical bills incurred as a consequence of appellant's offense. In support of its request, the Commonwealth proffered a credit union account statement indicating a current balance of $3,289.23 owed on the car and a victim impact statement indicating hospital costs of $3,350. The impact statement further indicated that the victim suffered "property lost as a result of this crime," specifically, a 2015 Nissan Rouge automobile with a "[c]ost" of $25,401.34.

Appellant objected to the admission into evidence of the victim impact statement, arguing that it overvalued the victim's car and that the court should only order restitution for medical expenses. Counsel for appellant stated that he had researched the car's value and asserted that it was "more in line with the figure that the insurance company paid [the victim], which was in the neighborhood of fifteen thousand dollars . . . , the fair market value." Thus, counsel argued, the victim had already been "fully compensated" for property damage.

The Commonwealth responded that the figure listed in the victim impact statement was the cost of the victim's car and that while she had received a $15,000 insurance settlement, "[u]nder the statute for restitution, the victim is allowed to be made whole, and that [includes] the balance that was owed on the vehicle that was destroyed."

The trial court sentenced appellant to ten years' incarceration with five years suspended and ordered that upon release he would be subject to three years of supervised probation. As one of the conditions of appellant's suspended sentence, he was ordered to pay the victim $6,639.23 in restitution.

This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court abused its discretion in setting the amount of his restitution at $6,639.23. He contends that "[t]he Code does not allow payment for the amount of a loan on personal property, only the value of the property itself," and cites Alger v. Commonwealth, 19 Va. App. 252 (1994), for the proposition that "payment by an insurance company is a reliable indicator" of that value. Consequently, appellant argues, the trial court was only permitted to order restitution in the amount of the "fair market value" of the victim's car, which was established by and paid to the victim in a $15,000 insurance settlement. Thus, appellant contends, it was error for the trial court to include in his restitution the $3,289.23 still owed by the victim on her car loan after the insurance company had paid her "full restitution."

"A sentencing decision will not be reversed unless the trial court abused its discretion." Fleisher v. Commonwealth, 69 Va. App. 685, 689 (2019) (quoting Burriesci v. Commonwealth, 59 Va. App. 50, 55 (2011)). "[T]he phrase 'abuse of discretion' means that the [trial] court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Ellis v. Commonwealth, 68 Va. App. 706, 711 (2018) (first alteration in original) (quoting Sauder v. Ferguson, 289 Va. 449, 459 (2015)). "The exercise of discretion . . . presupposes 'that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts – yet still remain entirely reasonable.'" Fleisher, 69 Va. App. at 689 (alteration in original) (quoting Du v. Commonwealth, 292 Va. 555, 564 (2016)). Thus, "[i]t is immaterial that other judges 'might have reached a different conclusion than the one under review,'" and "'[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Id. at 689, 691 (quoting Du, 292 Va. at 564). Consequently, "[o]n appeal, where the restitutionary amount is supported by a preponderance of the evidence and is 'reasonable in relation to the nature of the offense,' the determination of the

trial court will not be reversed." Burriesci, 59 Va. App. at 55-56 (quoting McCullough v. Commonwealth, 38 Va. App. 811, 817 (2002)).

Code § 19.2-303 provides, in pertinent part, that after conviction a trial court may suspend the sentence in whole or in part and "may, as a condition of a suspended sentence, require the defendant to make at least partial restitution to the aggrieved party . . . for damages or loss caused by the offense." See also Code § 19.2-305(B) (providing that where, as here, a defendant is placed on probation he "may be required to make at least partial restitution . . . for damages or loss caused by the offense for which conviction was had"). Further, Code § 19.2-305.1(A) provides, in pertinent part, that "no person convicted of a crime . . . which resulted in property damage or loss[] shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss." In turn, Code § 19.2-305.2(A) states that a trial court, when ordering restitution pursuant to Code § 19.2-305.1, "may require that [the] defendant, . . . if return of the property is impractical or impossible, pay an amount equal to the greater of the value of the property at the time of the offense or the value of the property at the time of sentencing." However, our Supreme Court has "specifically recognized that '[t]he General Assembly has limited the scope of restitution a court may order to payments for "damages or losses caused by the offense."'" Ellis, 68 Va. App. at 714 (alteration in original) (quoting Howell v. Commonwealth, 274 Va. 737, 740 (2007)). This insures that restitution "make[s] the victim whole." Fleisher, 69 Va. App. at 691.

We first note that nothing in the relevant provisions of Chapter 18 of Title 19.2 of the Code establishes fair market value as the measure of value which a trial court must use in determining the amount of restitution. The sole statutory provision which speaks to value in the context of restitution states only that where, as here, return of the property at issue is impractical

or impossible, a defendant ordered to pay restitution for property loss may be "require[d] . . . [to] pay an amount equal to the greater of the value of the property at the time of the offense or the value of the property at the time of sentencing." Code § 19.2-305.2(A). Thus, even where the Code establishes the relative value which a trial court may use to determine restitution in certain circumstances, it does not prescribe a basis for computing that value. Had the General Assembly intended to limit trial courts to determining the amount of restitution using only the "fair market value" of property damaged or lost through a defendant's criminal acts, it could have done so by including specific language to that effect in the relevant statutes. See Commonwealth v. Williams, 295 Va. 90, 101 (2018) ("[W]e regularly reject invitations to 'read into [a] statute language that is not there,' because of the long-established rule that '[c]ourts cannot add language to [a] statute the General Assembly has not seen fit to include.'" (second, third, and fourth alterations in original) (quoting Wakole v. Barber, 283 Va. 488, 495-96 (2012))); Leonard v. Commonwealth, 296 Va. 479, 484 (2018) ("We 'presume that the General Assembly chose, with care, the words that appear in . . . statute[s], and must apply the statute[s] in a manner faithful to that choice.'" (quoting Johnson v. Commonwealth, 292 Va. 738, 742 (2016))).

We further note that appellant misstates the holding of Alger. Under the facts of that case, this Court did conclude that the amount paid in an insurance settlement, together with the amount of a deductible, constituted "a reliable indicator of true loss" and that the trial court properly relied upon those amounts in determining restitution. Alger, 19 Va. App. at 258. However, Alger does not stand for the proposition that such insurance payments and deductibles, where proven before a trial court, are always the full measure of loss for determining restitution. In fact, the language from Alger quoted on brief by appellant—"proof of the amount paid by one in an arms-length transaction is considered prima facie evidence of the reasonableness of the payment"—is quoted out of context. Id. The Court in Alger made that statement in the context

- 5 -

of its examination of "other areas of the law," and did not hold that proof of the amount of an insurance settlement is *prima facie* evidence of the value of damaged or destroyed property for determining restitution pursuant to Code § 19.2-305.1. Id. Contrary to appellant's argument, neither the Code nor Alger mandates the conclusion that a trial court has abused its discretion when it orders restitution in excess of the amount paid to a victim in an insurance settlement.[2]

This Court has previously held that a trial court does not abuse its discretion when, pursuant to Code § 19.2-305.2, it includes in restitution the amount remaining on an unpaid loan on damaged or destroyed property. In Landes v. Commonwealth, 37 Va. App. 710, 714 (2002), the defendant fraudulently converted, burned, and disposed of a skid loader he had financed for use on his farm. As a condition of the defendant's suspended sentence for fraudulent conversion, the trial court ordered the defendant to pay restitution to the lienholder, an equipment dealer who was liable to John Deere Credit for the loader. Id. at 711. The court set the amount of restitution as the unpaid, secured purchase price rather than the actual value of the damaged skid loader. Id. The defendant appealed, arguing that the actual value of the skid loader, in its burned condition, was considerably less and that under Code § 19.2-305.2 the trial court could not require him to pay restitution in excess of actual value. Id. at 715. This Court affirmed the trial court, noting that under Code § 19.2-305.2, "where return of the property is impossible or impractical the

_____

[2] Appellant also offers Howell v. Commonwealth, 274 Va. 737 (2007), for the proposition that "[w]ide discretion in ordering restitution has been tempered by the Virginia Supreme Court" and that restitution may only cover "actual damages" to make the victim whole. However, Howell addressed a different issue to the one presented by appellant. In Howell, the Court considered the limit beyond which the causal nexus between a defendant's offense and the cost to his victim is sufficiently attenuated that certain costs cannot be considered to have been "caused by the offense as required by Code §§ 19.2-303, -305(B), [and] -305.1(A)." Id. at 741 (holding that the victim's cost to install a security system after the defendant's burglary was too indirect or tangential to be included in restitution as "damages or loss caused by the offense"). Here, it is uncontested that the cost occasioned by the destruction of the victim's car was directly caused by appellant's offense. Rather, the issue is the proper measure of that cost. Consequently, Howell is inapposite to this appeal.

amount of restitution shall be [*sic*] 'the greater of the value of the property' at the time of the offense or at sentencing," and holding that the trial court "did not abuse its discretion by determining that the value of property . . . was the unpaid secured balance owed on [it]" rather than its actual value as "damaged or destroyed property." Id. at 716. Thus, it is clear from Landes that a trial court, in determining restitution, may include an amount still owed on a loan for property damaged or destroyed through a defendant's criminal acts. Consequently, we find no merit in appellant's argument that the trial court erred by including in restitution the amount of the outstanding loan on the victim's car, which was destroyed by appellant.

### III. CONCLUSION

Finding no error by the trial court in its determination of the amount of restitution, we affirm the decision of the court. We also remand the case to the court for the limited purpose of correcting a clerical error.[3]

Affirmed and remanded with instructions.

---

[3] The trial court's May 11, 2018 sentencing order indicates that appellant was convicted for malicious wounding, in violation of Code § 18.2-51. It is clear from the indictment in this case, the incidents at trial, and the court's October 30, 2017 conviction order that appellant was convicted for attempted malicious wounding, in violation of Code §§ 18.2-51 and -26. We remand to the trial court for correction of this apparent clerical error. See Code § 8.01-428(B).