COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and White
Argued at Richmond, Virginia

EVAN SCOTT ANTHONY

v.      Record No. 1658-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

Richard A.H. Quitiquit (Jurach, Tacey & Quitiquit, PLC, on brief),
for appellant.

Robert D. Bauer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Leanna C. Minix, Assistant Attorney General, on
brief), for appellee.

Evan Scott Anthony was convicted, on his plea of guilty, of using electronic means to

solicit a child under fifteen years of age to view his genitals or show her genitals to him when he

was seven or more years older than the child, in violation of Code § 18.2-374.3(C). On appeal,

he suggests that the circuit court erred at sentencing by concluding that it lacked discretion under

Code § 19.2-303.6 to defer disposition based on his autism. We hold that the appellant did not

preserve this assignment of error for appeal. Consequently we affirm the circuit court's

judgment.

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

## I. BACKGROUND[1]

After being charged with the instant offense involving electronic solicitation, the appellant requested appointment of an expert to evaluate his mental health as relevant to possible defenses and mitigation. Defense counsel specifically noted that the appellant required evaluation for autism as potentially relevant under Code § 19.2-303.6 for purposes of sentencing. He also indicated that the appellant might ultimately seek to introduce such evidence and request a deferred disposition pursuant to the statute. The prosecutor agreed to the mental health evaluation, and the circuit court entered an order authorizing Dr. Evan Nelson to evaluate the appellant.

The appellant subsequently entered a plea of "no contest" to the charge of electronic solicitation. The Commonwealth established that when the appellant was twenty-three years old, he engaged in an inappropriate online "relationship" with a girl who he knew was thirteen years old.[2] After a hearing, the court found the plea was voluntary, knowing, and intelligent and that the evidence was sufficient to justify a finding of guilt of electronic solicitation of a minor. It withheld entry of judgment on the plea and ordered the appellant to undergo a psychosexual evaluation.

After the various examinations were complete and victim impact statements and a presentence report were filed, the court held a sentencing hearing. At that hearing, it considered the appellant's request for a deferred disposition due to autism as authorized by Code § 19.2-303.6. Dr. Nelson testified about his evaluation of the appellant for autism, and at the

---

[1] This Court views the facts "in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences fairly deducible" from those facts. *Widdifield v. Commonwealth*, 43 Va. App. 559, 562 (2004) (en banc).

[2] We need not address the specific facts of the offense itself to resolve the appeal.

appellant's request, the court admitted his written report into evidence.[3]  Based on interviews with the appellant and his mother and review of various records, the doctor diagnosed the appellant with mild autism.  Nelson further opined that the appellant's autism "substantially related" or "contribut[ed]" to the offense he committed.  Finally, Dr. Nelson noted that the appellant likely suffered from additional conditions that also played a role in his criminal conduct.  Nelson concluded, as a result, that the appellant would "have a higher level of needs for treatment and supervision than . . . sex offenders in general."  The court also considered the psychosexual report, which contained the assessment of a licensed clinical psychologist that the appellant was at above-average risk of reoffending.  The psychologist recommended court-ordered participation in a specified Department of Corrections treatment program, supervised probation upon release, and continued court-ordered outpatient sex offender treatment during his probation.

The court accepted the parties' stipulation that the appellant suffered from a "mild autism disorder."  Additionally, it found that his charged criminal conduct had "a direct and substantial relationship to [his] disorder or disability" as required to qualify for a discretionary deferred disposition under Code § 19.2-303.6(A).  Defense counsel asked the court to defer disposition, place the appellant on probation, and require him to undergo sex offender treatment.  The prosecutor, by contrast, asked the court to find the appellant guilty as charged and impose a sentence within the guidelines.  She noted that the statute required the court to consider the position of the Commonwealth and the victim, both of whom opposed a deferral.  She also

---

[3] Defense counsel asked that the report be admitted into evidence for the court's reference, and it was marked "sealed" and "confidential."  We note that the transcript of the sentencing hearing itself, including the testimony that Dr. Nelson gave about the report, is not sealed.  "To the extent that certain facts are found in the sealed portions of the record, we unseal those portions only as to those specific facts [necessarily] mentioned in this opinion.  The rest [of the sealed facts in the record] remain[] sealed."  *See Khine v. Commonwealth*, 75 Va. App. 435, 442 n.1 (2022) (citing *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017)).

argued that the court should perhaps not consider a deferral because the statute precludes deferral for "violent crimes." She acknowledged that the charged offense did not strictly fit the statutory definition of such a crime but suggested it was similar to some of the felony sex crimes excluded from consideration under the statute. Finally, the prosecutor pointed out that only a conviction would require the appellant to register as a sex offender and that the best place for him to get sex offender treatment was in prison.

On June 29, 2022, as documented in the transcript, the circuit court ruled as follows from the bench: "I do find [the appellant] *qualifies* for the statute. I don't find that he's an appropriate candidate for a deferral. That's the bottom line." (Emphasis added). The court noted it based that finding on "the facts of th[e] case" and the appellant's "history." It found him guilty and sentenced him to thirty years of incarceration with twenty-five years suspended, leaving the appellant with the mandatory minimum period of five years of active time to serve. The conditions of the suspension included supervised probation, no contact with the victim or her family, and registration as a sex offender.

The final order, entered August 2, 2022, provided: "The Court noted for the record that [Code §] 19.2-303.6 is not applicable in this case and does not allow for a finding of a deferred disposition." Defense counsel did not make a post-trial motion challenging the wording of the final order or object to the language in the order by any other means. He filed a notice of appeal on August 17, 2022, in which he simply acknowledged the court's entry of the August 2 final order.

## II. ANALYSIS

The appellant raises a very narrow and specific challenge to the language in the final order. Tracking the order's precise language, he contends that the circuit court erred by finding that Code § 19.2-303.6 "was not applicable" to his case and "does not allow for a finding of a

deferred disposition." The appellant asserts that this language constituted an erroneous ruling, as a matter of law, to the extent it suggests the court wholly lacked the authority to defer disposition in this case.

The applicable statute is Code § 19.2-303.6. That statute broadens a circuit court's sentencing discretion in certain cases. *See* 2020 Va. Acts ch. 1004 (enacting Code § 19.2-303.6). *See generally Suhay v. Commonwealth*, 75 Va. App. 143, 155-61 (2022) (discussing the statute's requirements). It provides in pertinent part that if a defendant is diagnosed with "an autism spectrum disorder" and "the court finds by clear and convincing evidence that [his charged] criminal conduct was caused by or had a direct and substantial relationship to [his] disorder," the court "*may* . . . defer further proceedings and place the accused on probation subject to terms and conditions set by the court." Code § 19.2-303.6(A) (emphasis added). In conducting this discretionary assessment, the statute requires the court to "giv[e] due consideration to the position of the attorney for the Commonwealth and the views of the victim" regarding deferral. *Id.*; *see Suhay*, 75 Va. App. at 156-57. Defendants charged with certain "act[s] of violence" as defined in the statute, as well as crimes for which a deferred disposition is provided by a different statute, are disqualified from receiving relief under Code § 19.2-303.6.

Prior to a review of the appellant's argument on the merits, however, we are required to ensure that the issue is properly before this Court.[4] The record here establishes that the appellant failed to preserve for appeal his claim that the circuit court's final order contained erroneous language or that it reflects that the court misunderstood the law. Consequently, the contemporaneous objection rule prevents the Court from considering his assignment of error on the merits.

[4] "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).

Rule 5A:18, which sets out the contemporaneous objection rule applicable in the Court of Appeals, provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."[5] The primary reason for requiring such an objection is to afford both opposing counsel and the circuit court a fair opportunity to address the challenge or prevent error. *Bethea v. Commonwealth*, 297 Va. 730, 743-44 (2019); *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010). "Specificity and timeliness undergird the contemporaneous-objection rule . . . [']so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" *Bethea*, 297 Va. at 743 (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

This principle applies to rulings in final orders and decrees to which a party has not previously had the opportunity to object with specificity. *See Lee v. Lee*, 12 Va. App. 512, 514-16 (1991) (en banc). When potentially objectionable language is contained in a circuit court's final order, additional rules of court provide a party with twenty-one days in which to bring the claim of error to the circuit court's attention and obtain a ruling on it. *See* Rule 1:1(a) (noting that "final judgments, orders, and decrees . . . remain under the control of the trial court . . . for twenty-one days after . . . entry" and may be "modified, vacated, or suspended" during that time); Rule 3A:15(b) (providing for motions to set aside a verdict in criminal cases); *Copeland v. Commonwealth*, 42 Va. App. 424, 441 (2004) (holding that "[u]nder appropriate circumstances," counsel may satisfy Rule 5A:18 by "mak[ing] the grounds of the objection

---

[5] Rule 5A:18 includes good-cause and ends-of-justice exceptions. *See* Rule 5A:18. The appellant does not ask this Court to invoke either of the exceptions, and we will not raise them sua sponte. *See Jones v. Commonwealth*, 71 Va. App. 597, 607 n.9 (2020); *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc), *aff'd*, No. 040019 (Va. Oct. 15, 2004) (unpublished order), *cited with approval in Jones v. Commonwealth*, 293 Va. 29, 39 n.5 (2017); *see also Palmer v. Atlantic Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (holding that an argument raised for the first time in an appellant's reply brief was waived); *Jeter v. Commonwealth*, 44 Va. App. 733, 740-41 (2005) (holding that arguments cannot be developed for the first time in a reply brief or at oral argument).

known within twenty-one days of the court's final order"); *cf.* Rule 4:15(d) (referencing motions for reconsideration in civil cases).[6]

Here, the appellant cites page 236 of the record as reflecting where he preserved for appeal his claim that the circuit court erred by ruling that Code § 19.2-303.6 "was not applicable" and "d[id] not allow for a finding of a deferred disposition." But the language to which he actually objects on appeal appears only in the final order, not in the transcript of the proceedings leading up to it. The appellant's citation references the page of the transcript on which the court announced its ruling *from the bench* and stated that it "w[ould] note [defense counsel's] exception to the [c]ourt's ruling for the record." The general language in the order differs greatly from the language in the transcript. At the hearing, the court expressly "f[ound]" that the appellant "*qualifie[d]* for the statute" in that he "suffer[s] from [a] mild autism disorder," a fact to which it noted the parties stipulated. (Emphasis added). The court further found "by clear and convincing evidence, based on Dr. Nelson's report," that the appellant's crime "was caused by or [had] a direct and substantial relationship" to his autism "disorder." Therefore, the oral ruling and rationale reflected in the transcript as a whole indicates that the court evaluated the appellant's circumstances in light of the statute but ultimately found that he was not "an appropriate candidate for a deferral."

As the appellant makes clear on brief, he does not contest the court's authority, *in the exercise of its discretion*, to rule that he was not "an appropriate candidate for deferral." He does

---

[6] This required method of preserving an objection to a claimed error that first arises in a final order is of such crucial importance that the Supreme Court of Virginia has applied it even in a context in which the rules of the authority issuing the ruling do not expressly provide for a post-order motion. *See Williams v. Gloucester Sheriff's Dep't*, 266 Va. 409, 410-12 (2003) (holding that a post-order motion to correct an alleged error made by the Workers' Compensation Commission for the first time in a final order was required to preserve a challenge to that claimed error for appeal under Rule 5A:18 even though no Commission rule provided for such a motion).

not mention the abuse-of-discretion standard on brief or suggest that the circuit court violated that standard by declining his request to defer disposition based on all the facts of this case. Instead, he cites only the de novo standard of review for determining the meaning of a statute and suggests that the language the court used *in its final order* (that Code § 19.2-303.6 "is not applicable in this case" and "does not allow for a finding of a deferred disposition") reflects a misunderstanding of its authority. The record before this Court on appeal, however, reflects that the appellant did not file a motion to reconsider the final order or take any other steps to lodge an objection to *the wording of the order* in the circuit court. He did not give that court an opportunity to clarify the order to render it clearly consistent with its oral pronouncement.[7] As a result, under Rule 5A:18, the appellant failed to preserve that specific claim for appeal, and this failure prevents the Court from considering the challenge on the merits.[8]

---

[7] The appellant does not suggest that he lacked timely notice of entry of the final order, and the record itself shows adequate notice. Defense counsel filed the notice of appeal on August 17, 2022, specifically mentioning the August 2, 2022 final order, indicating that he had notice of entry of that order at least six days in advance of the expiration of the twenty-one-day period.

[8] In light of our ruling, we do not consider the appellant's argument that, despite the court's pronouncement from the bench, the general language in the court's final order indicates it misconstrued the statute and erroneously concluded that it lacked any discretion to defer disposition in his case. *See generally Howerton v. Commonwealth*, 36 Va. App. 205, 213 (2001) (holding that the appellate court generally looks to "the order, as the final pronouncement on [a] subject, rather than a transcript that may be flawed by omissions" (quoting *Stamper v. Commonwealth*, 220 Va. 260, 280-81 (1979))); *Shelton v. Commonwealth*, 66 Va. App. 1, 6 (2016) (qualifying the general principle with the corollary that when an appellate court construes "an order of a lower court that does not conflict with the transcript" of the proceedings, the court "may consider the lower court's statements from the bench to determine what construction [the] lower court has placed on its own order" (quoting *Anonymous B v. Anonymous C*, 51 Va. App. 657, 672 (2008))).

### III. CONCLUSION

For these reasons, we hold that the appellant did not preserve his assignment of error for appeal. Accordingly, the circuit court's judgment is affirmed.

*Affirmed.*