COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Fulton and Raphael
Argued at Norfolk, Virginia

PUBLISHED

RONALD LEE MANLEY

v.          Record No. 1735-23-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
DECEMBER 16, 2025

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

Samantha Offutt Thames, Senior Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Robert D. Bauer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Jessica M. Bradley, Assistant Attorney General,
on brief), for appellee.

After finding Ronald Lee Manley in violation of the terms and conditions of his

probation, the circuit court revoked his suspended sentence and imposed 2 years and 16 days of

active incarceration followed by an indefinite term of supervised probation.  Manley first argues

that the circuit court abused its discretion by sentencing him to 2 years and 16 days of active

incarceration.  He next argues that his indefinite term of supervised probation violates Code

§ 19.2-303, which permits only a maximum five-year period of probation.  We conclude that the

circuit court did not abuse its discretion in sentencing Manley and that Manley did not preserve

his argument that the term of his probationary period exceeded the statutory maximum.

Therefore, we affirm the circuit court's judgment.

I. BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it.”””” *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

In October 2013, following a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970),[1] the circuit court convicted Manley of robbery and sentenced him to ten years of incarceration, with all ten years suspended. Consistent with the terms of Manley's plea agreement, the circuit court placed Manley on supervised probation for "an indeterminate period," to begin on "release from confinement."

In January 2018, Manley's probation officer reported that Manley had failed to abide by curfew, had failed to set up behavioral health and substance abuse services, and had tested positive for marijuana. In June 2018, the probation officer reported that Manley had been convicted of a new felony offense: receiving stolen goods. In November 2018, the circuit court found that Manley had violated the terms of his probation. It revoked Manley's ten-year suspended sentence and resuspended seven years and six months, "on the same conditions as contained in the previous sentencing order."

In April 2021, Manley's probation officer reported that Manley had received a deferred disposition on a new assault and battery charge in Portsmouth. In November 2021, the probation officer filed a major violation report ("MVR"), alleging that Manley had been convicted of assault and battery of a family member in Chesapeake and "had been contacting suspected gang members through social media." Subsequently, the probation officer filed two addenda to the MVR, alleging that Manley had "failed to report to Chesapeake Probation" and had "failed to report to the Chesapeake Circuit Court" for his trial. In July 2022, the circuit court found that Manley had again violated the terms of his probation. It revoked the remaining 7 years and 6 months of Manley's

---

[1] "When offering an *Alford* plea of guilty, a defendant asserts his innocence but admits that sufficient evidence exists to convict him of the offense." *Zebbs v. Commonwealth*, 66 Va. App. 368, 371 n.1 (2016) (quoting *Ramsey v. Commonwealth*, 65 Va. 593, 596 n.1 (2015)).

- 2 -

suspended sentence and resuspended all but 14 days of the sentence "on the same conditions as contained in the previous sentencing order."[2]  It reiterated that probation would continue for "an indeterminate period" to begin on his "release from confinement."

Manley served his 14 days and, upon his release from custody, met with his probation officer in July 2022.  In February 2023, the probation officer filed a new MVR, alleging that Manley had failed to maintain contact and that the officer was unable to reach Manley despite repeated attempts.  The MVR also alleged that Manley missed his scheduled appointments in December 2022 and January 2023.  The circuit court issued a capias for Manley's arrest.

Manley was arrested on the capias on August 10, 2023.  The probation officer filed an addendum to the MVR in August 2023, alleging that Manley's last contact with probation was on October 7, 2022, and Manley's "whereabouts were not know[n] to [the probation] officer until his arrest in Chesapeake on August 10, 2023."  The probation officer also filed sentencing guidelines, which recommended a sentence of one to four years of active incarceration.

At the September 2023 hearing on his latest probation violation, Manley stipulated that he had violated the terms of his probation.  The Commonwealth asked the circuit court to sentence Manley within the sentencing guidelines.  Emphasizing that he was a "young man" who would benefit from a substance abuse program, Manley asked the circuit court to impose just one year of active incarceration.  He also noted that his sentence was suspended on "gang conditions, which are more strict than regular terms of probation."

After considering the arguments and the evidence, the circuit court revoked the remaining 7 years, 5 months and 16 days of Manley's sentence, and it resuspended 5 years and 5 months,

_____

[2] The circuit court also revoked and fully resuspended Manley's three-year sentence for receiving stolen goods.

leaving Manley with 2 years and 16 days of active incarceration.[3]  As before, the circuit court conditioned the suspension "on the same conditions as contained in the previous sentencing order" and again set the length of probation for "an indeterminate period."  Manley now appeals.

## II. ANALYSIS

A. *The circuit court did not abuse its discretion by sentencing Manley to 2 years and 16 days of active incarceration.*

"On an appeal of probation revocation, the trial court's 'finding[s] of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Cisneros v. Commonwealth*, 82 Va. App. 147, 162 (2024) (alteration in original) (quoting *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022)).  An abuse of discretion occurs "[o]nly when reasonable jurists could not differ."  *Fleisher v. Commonwealth*, 69 Va. App. 685, 691 (2019) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016)).

If the court "finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [Code] § 19.2-306.1."  Code § 19.2-306(C).  Manley does not argue that his active sentence violates Code § 19.2-306.1, which allows the circuit court to "impose or resuspend any or all" of the previously suspended period if the basis for the revocation is a new criminal offense.  Code § 19.2-306.1(B).  Instead, he argues that the circuit court abused its discretion because it failed to appropriately weigh his mitigating evidence.  In particular, Manley stresses his youth—23 years old at the time of the revocation hearing—and the fact that he has had a "rough life."  He acknowledges that he has "struggled with probation" but he emphasizes that he "was on a more intense, gang affiliate version of probation."

---

[3] The circuit court also revoked and resuspended the entirety of Manley's sentence for receiving stolen goods.  That sentence is not at issue on appeal.

- 4 -

Weighing any mitigating factors presented by a defendant falls within the circuit court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "As the Supreme Court has stated, trial courts are 'not required to give controlling effect to the mitigating evidence.'" *Sheets v. Commonwealth*, 80 Va. App. 706, 718 (2024) (quoting *Reid v. Commonwealth*, 256 Va. 561, 569 (1998)). Rather, "[b]arring clear evidence to the contrary, [an appellate court] will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Id.* at 718-19 (second alteration in original) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

Here, the circuit court listened to the arguments and considered all the evidence before reaching a decision. It sentenced Manley within the sentencing guideline recommendations. Contrary to Manley's argument, the circuit court did not fail to appropriately consider his youth. Rather, the circuit court weighed Manley's mitigating circumstances, including his youth, against his repeated probation violations differently than Manley would have liked. Manley failed to make productive use of the grace that the circuit court previously extended to him. Having reviewed the record, we conclude that the circuit court's decision to revoke Manley's suspended sentence and impose an active sentence of 2 years and 16 days was a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court

did not abuse its discretion by imposing the defendant's previously suspended sentence of more than 24 years "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"). Thus, the circuit court did not err.

B. *Manley did not preserve his argument that the circuit court erred by sentencing him to a period of probation exceeding the statutory maximum under Code § 19.2-303, and any error would render the order voidable, not void ab initio.*

If a court "finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

In 2021, the General Assembly amended Code § 19.2-303, which currently states in relevant part that a "court may fix the period of probation for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned. Any period of supervised probation shall not exceed five years from the release of the defendant from any active period of incarceration."

Manley argues that the circuit court erred "when it imposed indefinite supervised probation in direct violation of" Code § 19.2-303. He contends that the maximum period of supervised probation permitted by statute is five years.

Manley did not make that argument below. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58

Va. App. 351, 356 (2011)). Manley asked the court for a definite term of probation but did not argue that the suspension period exceeded the maximum period allowed by statute. Nor does he ask this Court to apply the ends of justice or good cause exceptions, and we do not consider those exceptions sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023). Thus, Manley has not preserved this argument.

Despite that failure, Manley contends that the sentencing order is void ab initio, allowing this Court to reach the issue. An objection "to void ab initio judgments may be raised by any party in the case at any point during a valid direct or collateral proceeding where the voidness of the order is properly at issue, including by a court for the first time on appeal." *Hannah v. Commonwealth*, 303 Va. 106, 120 (2024). Like any ordinary legal error, however, "objections to voidable errors must be preserved and brought before courts of appeal pursuant to our procedural Rules." *Id.* Thus, we are presented with the question of whether the sentencing order here is void ab initio or merely voidable.

"A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Id.* at 119. "It is a legal nullity from which no rights can be created or divested, binding no one and barring no one." *Id.* The Supreme Court has

> recognized five circumstances that may give rise to judgments which are void ab initio: when "(1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of the character that the court lacked power to render, or (5) the court adopted an unlawful procedure."

*Id.* at 119-20 (alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). A voidable order, on the other hand, is "more common." *Id.* at 120. These are "actions taken by a court in error but within the bounds of its authority," and they "usually involve a court's failure to comply with precedent or an applicable statute." *Id.*

Precedent from both this Court and the Supreme Court demonstrates that the circuit court's order was voidable, not void ab initio. In *Hannah v. Commonwealth*, the Supreme Court rejected the defendant's argument that the General Assembly's 2021 amendments to Code § 19.2-303.1[4] deprived the court of subject matter jurisdiction to hear the case. 303 Va. at 123. The Court distinguished between active jurisdiction, "where courts possess valid subject matter jurisdiction to hear a matter but may err in the proper exercise of their authority," and subject matter jurisdiction, which the court must possess to decide a case. *Id.* (quoting *Cilwa v. Commonwealth*, 298 Va. 259, 266-67 (2019)). The Court explained that circuit courts "already possess jurisdiction to adjudicate criminal matters and their power to sentence and preside over revocations is ancillary to that jurisdiction." *Id.* at 124 (citing Code § 17.1-513). Because Code § 19.2-303.1 is "not a jurisdictional statute on its face," any "errors in the application of Code § 19.2-303.1 do not create a fundamental infirmity which would strip a court's jurisdiction to preside over certain suspended sentences." *Id.* at 123-24.

Similarly, Code § 19.2-303 is not a jurisdictional statute and does not contain language that "purports to modify or shrink th[e circuit court's] general jurisdictional grant." *Id.* at 124. Just as an order imposing an overly long period of suspension (*i.e.*, a misapplication of Code § 19.2-303.1) is not void ab initio, an order imposing an overly long period of supervised probation (*i.e.*, a misapplication of Code § 19.2-303) is also not void ab initio.

Indeed, this Court previously held that the Supreme Court's rationale in *Hannah* "applies with equal force" to other suspension and probation statutes. *Cisneros*, 82 Va. App. at 168. In *Cisneros*, the Court held that if a court "surpassed the bounds of its statutory authority" by

---

[4] Code § 19.2-303.1 states, in relevant part: "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned . . . ."

imposing a period of suspension for "periods beyond the . . . maximum permitted under amended Code § 19.2-306," such error would "not render the revocation orders a nullity." *Id.* at 163. Thus, this Court held that if the court had jurisdiction to revoke the suspended sentence, the "failure to comply with the statutory parameters for reimposing and/or resuspending the original sentence is *voidable* error . . . ." *Id.* at 168-69 (emphasis added).

And most recently, this Court rejected the same argument that Manley now makes. *Hilliard v. Commonwealth*, 86 Va. App. 118 (2025). In *Hilliard*, the defendant argued that his sentencing order was void ab initio because he was sentenced to a period of supervised probation that exceeded the time allowed under Code § 19.2-303.[5] The Court relied on *Cisneros* to conclude that if a court has jurisdiction to impose supervised probation under Code § 19.2-303, "any failure to comply with the statutory parameters for the length of supervised probation is a voidable error that must be preserved in accordance with Rule 5A:18." *Hilliard*, 86 Va. App. at 141.

The circuit court had subject matter jurisdiction over the probation revocation proceedings, and Code § 19.2-303, like Code § 19.2-303.1, does not modify the circuit court's subject matter jurisdiction. Thus, as in *Hilliard*, the circuit court's imposition of a period of supervised probation greater than that permitted under Code § 19.2-303 would have rendered the order voidable—not void ab initio. Because it is voidable, Manley was required to comply with

_____

[5] In *Hilliard*, the period of supervised probation was ordered as part of the original sentencing event rather than as part of a probation revocation proceeding. *Hilliard*, 86 Va. App. at 132. Like Manley, the defendant argued that the sentencing order was controlled by *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009), where the Supreme Court held that a sentence in excess of the statutory range was void ab initio. We explained that *Rawls* dealt with the terms of the sentence—the *punishment*—while *Hilliard* dealt with the terms of supervised probation, which is "an act of grace." *Hilliard*, 86 Va. App. at 141 (quoting *Price*, 51 Va. App. at 448). Given that an original sentencing order imposing a term of probation in excess of the statute is not void ab initio, it follows that a sentencing order at a probation revocation proceeding that imposes a term of probation in excess of the statute is likewise not void ab initio.

Rule 5A:18 to preserve this argument for appeal. *Id.* Because Manley did not raise his argument in the circuit court, as discussed above, the issue is not preserved.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*