Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Lacy, S.J.

LLOYD DAREN HOWELL

v.  Record No. 070150      OPINION BY JUSTICE DONALD W. LEMONS
                                    November 2, 2007
COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal, we consider whether a trial court may
require a defendant to pay for the installation of a security
system as restitution for a criminal offense.  For the reasons
stated below, the judgment of the Court of Appeals will be
reversed.

                I.   Facts and Proceedings Below

     On November 25, 2004, Laurice and Patrick Thomas
discovered that the building where their tax service business
is located in the City of Roanoke had been burglarized.
Windows had been broken and a computer, two printers,
calculators, an "open" sign, and a number of smaller items
were missing.  Upon police investigation, fingerprints from
the broken glass were found to match those of Lloyd Daren
Howell ("Howell").  After the burglary, Mr. and Mrs. Thomas
installed a security system in the building.

     At trial, Howell pled guilty to statutory burglary and
grand larceny.  He was sentenced for these charges in
combination with a plea of guilty on an unrelated robbery
charge.  Howell was sentenced to 25 years with 14 years

suspended for robbery, 10 years with 6 years suspended for burglary, and 5 years with 4 years suspended for grand larceny.  As conditions of his suspended sentence, the trial court imposed five years of probation and restitution of $1,399.00.  Of this restitution amount, $1,040.00 was for the installation of the security system and included eight months of service monitoring charges.*

Howell objected to the portion of the restitution amount that related to the security system.  He appealed to the Court of Appeals, which affirmed the trial court's judgment in an unpublished opinion.  Howell v. Commonwealth, Record No. 2847-05-3 (December 19, 2006).  The Court of Appeals held that "[t]he condition was reasonably related to Howell's criminal activities and . . . therefore, was an appropriate exercise of the trial court's judicial discretion under Code § 19.2-303." Id., slip op. at 4.  We awarded Howell an appeal upon one assignment of error: "The trial court erred in ordering Howell to pay as restitution the cost of the security system installed at Thomas Tax Service after the burglary."

## II.  Analysis

Sentencing determinations are within the discretion of the trial court, and will be reversed if the trial court

---

\* As a result of a clerical error, the restitution amount from the burglary and grand larceny of Thomas Tax Services was included in the Sentencing Order from the unrelated robbery charge.

abused its discretion.  See e.g., Lane v. Commonwealth, 223

Va. 713, 719, 292 S.E.2d 358, 362 (1982) (citations omitted);

see also Martin v. Commonwealth, 274 Va. ___, ___, ___ S.E.2d

___, ___ (2007) (this day decided).

The statutes dealing with probation and suspension are

remedial and intended to give the trial court valuable tools

to help rehabilitate an offender through the use of probation,

suspension of all or part of a sentence, and/or restitution

payments.  See Peyton v. Commonwealth, 268 Va. 503, 508, 604

S.E.2d 17, 19 (2004); Code §§ 19.2–303 to –306. "Restitution"

is defined, in pertinent part, as "a restoration of something

to its rightful owner: the making good of or giving an

equivalent for some injury (as a loss of or damage to

property)."  Webster's Third New International Dictionary 1936

(1993).

The General Assembly has limited the scope of restitution

a court may order to payments for "damages or losses caused by

the offense."  Code § 19.2–303 provides in relevant part

> [a]fter conviction, . . . the court may . . .
> suspend the sentence in whole or part and . . .
> may, as a condition of a suspended sentence,
> require the defendant to make at least partial
> restitution to the aggrieved party or parties
> for damages or loss caused by the offense for
> which convicted.

Restitution ordered as a condition of a suspended sentence is

subject to Code § 19.2–305(B) which provides that "[a]

defendant placed on probation following conviction may be required to make at least partial restitution . . . for damages or loss caused by the offense for which conviction was had."  Code § 19.2-305.1(A) also provides that "no person convicted of a crime . . . which resulted in property damage or loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss."

The Commonwealth contends that after the burglary the Thomases were afraid, and that Mrs. Thomas was not comfortable being alone at the business.  The Thomases stated that "they felt forced to install a new security system at their business" after the burglary.  Consequently, the Commonwealth maintains that the installation of the security system was "damages or loss caused by" Howell's burglary of the building as envisioned by the applicable provisions of the Code.  We disagree.

The United States Court of Appeals for the Fourth Circuit, considering a federal statute similar to ours, has interpreted the language "actual damages or loss caused by the offense" to limit the damages or loss which the defendant can be ordered to repay to "those which were directly caused by the offense."  See United States v. McMichael, 699 F.2d 193, 195 (4th Cir. 1983).  Costs that result only indirectly from

4

the offense, that are a step removed from the defendant's conduct, are too remote and are inappropriate for a restitution payment. In another case, the Fourth Circuit considered reimbursement to the government for costs associated with investigation and prosecution. Using the same federal statutory provision, the court stated "[w]e do not read the language . . . to authorize reimbursement . . . [for] costs [that] result only indirectly from the offense." United States v. Vaughn, 636 F.2d 921, 923 (4th Cir. 1980).

A Kansas statute that limits restitution to "damage or loss caused by the defendant's crime" has likewise been interpreted to mean that not all consequences of the offense are appropriate for restitution. The Supreme Court of Kansas held that "[r]estitution orders must have limitations. Not all tangential costs incurred as a result of a crime should be subject to restitution." State v. Beechum, 833 P.2d 988, 994 (Kan. 1992).

The Kansas Court of Appeals, in a case holding that a restitution order was improper, held that there was not sufficient evidence to require the defendant to pay for the installation of a security system. State v. Chambers, 138 P.3d 405, 414-15 (Kan. Ct. App. 2006). The trial court had ordered the defendant to pay for the installation of a security system in the building that he burglarized, finding

5

that it was " 'a direct causal effect' " of the crime.  Id. at
414.  The Kansas Court of Appeals reversed this portion of the
restitution order, explaining that "the purchase of the
security system was prompted by concern that [defendant], a
neighbor of the victim, would reoffend, but this purchase was
an example of 'tangential costs incurred as a result of a
crime,' not a cost *caused* by the crime."  Id. at 415.

We hold that the installation of a security system, while
related to Howell's burglary, was not caused by the offense as
required by Code §§ 19.2–303, –305(B), –305.1(A).  The
attenuation is too great; therefore, we hold that the trial
court abused its discretion by requiring Howell to pay the
cost of the security system as restitution.

## III.  Conclusion

The judgment of the Court of Appeals will be
reversed as to the portion of the restitution amount
related to the security system.  The case will be
remanded to the Court of Appeals with directions to
remand to the trial court for corrections to Howell's
sentencing orders.

Reversed in part
and remanded.