UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Chaney and Callins

EDWARD L. GILKES, JR., S/K/A
  EDWARD LEE GILKES, JR.

v.        Record No. 0786-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 7, 2022

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Aaron W. Graves; Graves Law Offices, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.


Edward Lee Gilkes, Jr. appeals from the decision of the Circuit Court of Rockingham

County revoking his previously suspended sentence and imposing an active sentence. Gilkes

contends that the trial court abused its discretion by revoking the remaining thirty-four years and

nine months of his suspended sentence and resuspending all but four years.[1] After examining the

briefs and record, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of

the trial court.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Gilkes asserts that his assignment of error was not preserved and asks this Court to
consider his assignment of error under the "ends of justice" exception to Rule 5A:18. But where
a trial court is aware of a litigant's legal position and the litigant did not expressly waive such
arguments, then the arguments are preserved for appeal. *Brown v. Commonwealth*, 279 Va. 210,
217 (2010). We find that Gilkes preserved his argument at the revocation hearing by asking the
Court to sentence appellant based on the "reasonable context" of the probation violation.

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Gilkes's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On February 10, 2006, the trial court convicted Gilkes, upon a guilty plea, of first-degree murder as an accessory before the fact. The trial court sentenced Gilkes to fifty years of imprisonment with thirty-five years suspended. Gilkes was released from prison on November 30, 2018, and his probation began on that date.

On April 4, 2019, the circuit court revoked Gilkes's suspended sentence after his probation officer filed a major violation report alleging that Gilkes had tested positive for marijuana. The trial court resuspended all but three months. On February 4, 2020, the probation officer filed another major violation report alleging that Gilkes had repeatedly tested positive for methamphetamine and had been discharged from a behavioral health program. In an addendum, the probation officer reported that Gilkes had been charged with assault and battery and fleeing from the police.

At the May 17, 2021 revocation hearing, Gilkes admitted that he had violated the conditions of his probation. The trial court reviewed the major violation report and addendum. The trial court found Gilkes in violation of his probation, revoked the suspension of his remaining time, and resuspended all but four years, a sentence at the "low end" of the sentencing guidelines. The trial court emphasized Gilkes's "failure to complete programs, which is failure to accept the help that people [were] trying to give" him. This appeal followed.

ANALYSIS

Gilkes argues that the trial court abused its discretion by imposing a four-year active sentence after finding him in violation of his probation. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Gilkes does not contend that the trial court lacked sufficient cause to revoke his suspended sentence. Rather, he argues that because he "had no new convictions, worked multiple jobs to support a family and stayed free from drug usage for a large portion of his probation," the trial court abused its discretion "by not considering and giving significant weight to these relevant factors."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Gilkes did not follow the terms of his probation, and he failed to make productive use of the grace extended to him.

Under the operative terms of the revocation statute in effect when the trial court considered Gilkes's violation, once the trial court found that Gilkes had violated the terms of the

suspension, the trial court had to revoke the suspended sentence and the sentence was in "full force and effect." Code § 19.2-306(C)(ii).[2] The trial court was then permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

The uncontroverted evidence established that Gilkes violated the conditions of his probation by abusing drugs and failing to complete substance abuse treatment. It was firmly within the trial court's discretion to weigh any mitigating factors Gilkes presented, such as the challenges in obtaining substance abuse treatment under pandemic safety restrictions. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record establishes that, despite any mitigating factors, the trial court had sufficient cause to revoke Gilkes's suspended sentence. We thus hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

<u>CONCLUSION</u>

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed*.

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts (Sp. Sess. I) ch. 538.