COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Lorish

LOWELL CHARLES JOHNSON

                                                  MEMORANDUM OPINION*

v.      Record No. 1150-21-1                          PER CURIAM
                                                    JULY 5, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Jennifer T. Stanton, Senior Assistant Public Defender; Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the dispositive" issue in this appeal has been "authoritatively

decided, and the appellant has not argued that the case law should be overturned, extended,

modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). We affirm the decision of the

trial court.

BACKGROUND

On February 6, 1998, Lowell Charles Johnson pled guilty in the Circuit Court of the City of

Chesapeake ("trial court") to one count of possession with the intent to distribute cocaine, in

violation of Code § 18.2-248. The trial court sentenced Johnson to ten years of imprisonment with

seven years suspended for an indeterminate period upon his good behavior.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In June 2001, a show cause order was requested because Johnson failed to report for his scheduled probation appointments, tested positive for two urine screens, and was discharged from a substance abuse treatment group for several unexcused absences. The trial court subsequently found Johnson in violation of his probation, revoked his suspended sentence, and resuspended five years and six months.

On August 25, 2006, a second show cause order was requested because Johnson failed to report to probation and because he moved to Indiana without prior approval. The trial court found Johnson in violation of his probation, revoked his suspended sentence, and resuspended five years.

Johnson's probation was transferred to Indiana on October 9, 2008, but his case was "closed in error" in Indiana and transferred back to Virginia in 2010. On October 4, 2010, a third show cause order was requested because Johnson's probation officer learned that Johnson had failed to register as a violent sex offender in Indiana. The trial court found that Johnson was in violation of his probation, revoked his five-year suspended sentence, and resuspended all five years.

On September 30, 2014, a fourth show cause order was requested because Johnson's Indiana probation officer reported that Johnson had failed to report to meetings and failed a drug test. Consequently, a warrant for Johnson's arrest had been issued in Indiana for failure to register as a sex offender. The trial court found that Johnson was in violation of his probation, revoked his five-year suspended sentence, and resuspended all but two months.

On July 31, 2017, a fifth show cause order was requested because Johnson had a blood alcohol content level of .043 by weight by volume during a home visit. Johnson had also failed to participate in substance abuse assessment and training as well as failed to provide daily reports to his probation officer. The trial court found Johnson in violation of his probation, revoked his four-year and ten-month suspended sentence, and resuspended all but one year and ten months.

On December 11, 2020, Johnson's probation officer requested a sixth show cause order based on Johnson's new criminal charges in the Circuit Court of Virginia Beach. These new charges resulted in convictions for three felony counts of failure to register as a sex offender.

At the revocation hearing, the trial court stated that it had reviewed the December 11, 2020 capias, the February 23, 2018 revocation order, the July 31, 2017 Indiana probation violation report, the April 23, 2015 revocation order, the September 22, 2014 Indiana offender violation report, the February 8, 2011 revocation order, the October 4, 2010 major violation report for failure to register, the October 30, 2007 revocation order, the August 29, 2006 major violation report for failing to report, location unknown, and failing to register, the June 20, 2001 violation report, and the original March 12, 1998 presentence report for the underlying possession with intent to distribute charge.

Johnson proffered that he received new convictions in the Circuit Court of the City of Virginia Beach and that the new convictions were violations of his probation. He claimed that he was confused about how to register as a sex offender and had failed to register. He also stated that he was the sole caretaker of his ten-year-old son and feared that he may lose custody. He did not want his son to "pay[] the price" for his poor decisions. Johnson admitted he had violated his probation.

The trial court acknowledged Johnson's admission of guilt, and in allocution, Johnson said that he took "full responsibility" for his actions. He reiterated his confusion about the sex offender registration procedure. He also expressed his fear of losing his son and concern for his son's well-being. Based on Johnson's admissions and on the violation report, the trial court found Johnson guilty of violating the terms of his suspended sentence. The trial judge told Johnson that the "concerns for your son are well placed especially at this very critical age at age ten." The trial court concluded, however, that, although Johnson said he was confused about the registration process, Johnson's failure to register as a sex offender had historically been a problem for him. As a

result, the trial court revoked Johnson's suspended sentence of three years and did not resuspend any time so that Johnson would have to serve the remaining three years in active incarceration.

STANDARD OF REVIEW

A trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part."  *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).  "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below."  *Id.*

ANALYSIS

Johnson argues in his assignment of error that "[t]he trial court erred in imposing a period of active incarceration of three years and further erred by failing to resuspend any part of that sentence."  Johnson asserts that the trial court did not give significant weight to his mitigating evidence.  Johnson contends that he took responsibility for his new crimes by pleading guilty to them, that the probation violation was not willful, and that his new convictions did not result in an injury to others.  In addition, Johnson notes that he is a single parent and sole caretaker for his ten-year-old son.  Given these mitigating factors, Johnson argues that the trial court acted arbitrarily when it did not resuspend any of the revoked three-year sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments."  *Howell v. Commonwealth*, 274 Va. 737, 740

- 4 -

(2007). By continuing to disregard the terms of his suspended sentence, Johnson demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Johnson failed to make productive use of the grace that had been extended to him for his previous conviction.

The record establishes that the trial court had sufficient cause to revoke Johnson's suspended sentence. The evidence proved Johnson was on probation in February 2020 when he was indicted with new charges. It is within the trial court's purview to weigh any mitigating factors Johnson presented, *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000), and the trial court considered and rejected Johnson's mitigating arguments regarding his family circumstances and why he failed to register as a sex offender. The trial court, although acknowledging Johnson's desire to care for his son and noting Johnson's claim that he was confused about how to register as a sex offender, concluded that failing to register had historically been a problem for Johnson. Therefore, the trial court decided it should revoke all three years of his suspended sentence and not resuspend any time so that Johnson would actually serve the remainder of his suspended time—and no longer be on probation for the 1998 conviction.

As a result, the record establishes that the trial court had sufficient cause to revoke Johnson's suspended sentence. Accordingly, we hold that the trial court certainly did not abuse its discretion here. *See Alsberry*, 39 Va. App. at 322 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*