COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Fulton and Ortiz

ALBERTO TRIBI SANCHEZ-GUTIERREZ

                                                    MEMORANDUM OPINION*
v.        Record No. 1410-21-3                      PER CURIAM
                                                    SEPTEMBER 27, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David R. Martin; Law Office of David R. Martin, PLLC, on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Alberto Tribi Sanchez-Gutierrez appeals from the decision of the Circuit Court of

Rockingham County revoking his previously suspended sentence. Sanchez-Gutierrez contends that

the trial court abused its discretion by revoking his suspended sentence and ordering him to serve

the remaining eight years and six months of the previously suspended sentence. After examining

the briefs and record in this case, we find no error and affirm the decision of the trial court.

BACKGROUND

"On appeal of the revocation of a suspended sentence, the appellate court reviews the

evidence in the light most favorable to the Commonwealth, the party who prevailed below."

*Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019) (quoting *Jacobs v. Commonwealth*, 61

Va. App. 529, 535 (2013)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 22, 2020, the trial court convicted Sanchez-Gutierrez of arson of an occupied dwelling, in violation of Code § 18.2-77, and sentenced him to ten years' incarceration, with eight years and six months suspended, resulting in eighteen months to serve. The trial court also imposed a period of supervised probation for two years. The conditions of Sanchez-Gutierrez's suspended sentence included a requirement that he obey all federal, state, and local laws.

Sanchez-Gutierrez was released from incarceration on January 26, 2021, at which point he began probation. Less than two weeks later, on February 7, 2021, Sanchez-Gutierrez was arrested and charged in Staunton for strangulation, as well as assault and battery. Sanchez-Gutierrez's probation officer subsequently submitted a major violation report and addendum to the trial court, summarizing the new charges and confirming that the Circuit Court of the City of Staunton convicted Sanchez-Gutierrez of those charges on November 1, 2021.

At the revocation hearing, the trial court found that Sanchez-Gutierrez violated the terms and conditions of his probation based on his new convictions. Sanchez-Gutierrez submitted into evidence correspondence from his mother indicating that he was welcome to live with her at her residence, and that she was willing to "transport him to all [of] his appointments." Sanchez-Gutierrez also testified on his own behalf that he had been diagnosed with schizophrenia with psychosis, bipolar disorder, and anxiety disorder. Sanchez-Gutierrez also testified that he had been taking prescribed medication, including Zyprexa and Prozac, to address those conditions and had a plan in place to continue the regimen as prescribed. According to Sanchez-Gutierrez, the medications provided "sufficient help" and put him "in the right state of mind." Sanchez-Gutierrez testified that he planned to live with his mother and his two daughters upon his release, work part-time, and pursue "a finance career online at a choice-school that will accept me."

The trial court received sentencing guidelines which recommended a range of punishment between eight months and two years. The Commonwealth emphasized the violent nature of

Sanchez-Gutierrez's crimes committed so soon after his release from incarceration for arson and argued that the sentence "should be somewhere at least in the mid-range [of the sentencing guidelines], as opposed to the low-end of the guidelines." Sanchez-Gutierrez stipulated that he violated the terms of his probation but emphasized the mitigating evidence supporting "a sentence within the guidelines." After considering the evidence and the parties' arguments, the trial court revoked and imposed the entirety of Sanchez-Gutierrez's previously suspended sentence of eight years and six months. This appeal followed.

ANALYSIS

Sanchez-Gutierrez argues on appeal that the trial court abused its discretion when it sentenced him to eight years and six months' incarceration following his probation violation. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Sanchez-Gutierrez maintains that the trial court abused its discretion because it "ignored significant mitigating factors" in reaching its decision. Specifically, Sanchez-Gutierrez argues that the trial court disregarded his testimony regarding his mental health history and his plans for addressing his mental health and housing. Sanchez-Gutierrez also argues that the trial court failed to consider the sentencing guidelines as well as the Commonwealth's own argument for a sentence in the mid-range of the guidelines.

Determining what weight to assign to any mitigating factors Sanchez-Gutierrez presented was within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

The trial court heard the mitigating and aggravating evidence. Balanced against Sanchez-Gutierrez's mitigation evidence were substantial facts in aggravation. The record demonstrates that Sanchez-Gutierrez incurred new criminal convictions for violent crimes, strangulation and assault and battery, just twelve days after release from incarceration for his underlying conviction of arson of an occupied dwelling. Considering Sanchez-Gutierrez's new violent criminal convictions, the trial court found that Sanchez-Gutierrez violated the conditions of his previously suspended sentence. While the trial court acknowledged that the imposed sentence was a "substantial deviation upwards [from the sentencing guidelines]," the trial court reasoned "this [was] a public safety issue" and that Sanchez-Gutierrez was "not amenable to probation."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Sanchez-Gutierrez's disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Sanchez-Gutierrez failed to make productive use of the grace which he received.

The record establishes that the trial court had sufficient cause to revoke Sanchez-Gutierrez's suspended sentence. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion.

Moreover, to the extent that Sanchez-Gutierrez argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not

involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*