COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Causey and Friedman

SUNDARI KARMA PRASAD

v.      Record No. 0199-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 17, 2023

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Sundari Karma Prasad appeals the trial court's judgment revoking her previously

suspended sentence and reimposing three years of imprisonment based on a violation of her plea

agreement. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND[1]

Pursuant to a written plea agreement, Prasad pled guilty to threatening to burn a building,

breaking and entering, and attempted arson. In a November 2, 2020 order, the court sentenced

her to five years' incarceration with no time suspended for threatening to burn, twenty years'

incarceration, all suspended, for breaking and entering, and ten years' incarceration, all

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under settled principles, we state the facts in the light most favorable to the
Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472
(2018).

suspended, for attempted arson. Prasad had served her active period of incarceration before pleading guilty. The plea agreement provided that a condition of Prasad's suspended sentences was that she "have absolutely no contact with Hamilton Lee Hendrix," with whom she had a child in common.[2]

Within a month of sentencing, Prasad sent Hendrix a message using Facebook Messenger. The November 29 message stated: "Heya . . . I need to contact you somehow on the kid . . . and xmas presents. I'm not calling (so there's [no] record)[.]" Hendrix had not contacted Prasad first, nor did he respond to the message. At the Commonwealth's request, the court issued a capias for Prasad on December 30, 2020, based on her violation of the no-contact provision of her plea agreement.

Hendrix testified at the February 2021 revocation hearing that he met Prasad in 2013 and they had a child together in 2014. Hendrix had custody of the child. Hendrix described his relationship with Prasad as "a nightmare." Prasad "constantly" brought false charges against him, including allegations of child abuse. Prasad hacked Hendrix's Facebook account in 2015 and posted provocative statements suggesting that Hendrix was mentally ill and planned to kill their child and have his family hide the remains. As a result, Hendrix lost his job and "couldn't get work."

The trial court also considered documents that Prasad faxed to the court on December 25 and 26, 2020. Prasad did not object to the admission of the documents or the court's consideration of them. The documents included (1) a criminal complaint Prasad made against Hendrix in December 2020 alleging that Hendrix was an unstable schizophrenic and a threat to Prasad and their son; (2) a filing challenging the circuit court's jurisdiction based on sovereign

---

[2] The trial court inadvertently failed to include the no-contact provision in the sentencing order. The court issued a corrected sentencing order containing that provision on December 18, 2020, after Prasad's violation.

citizen principles; (3) Prasad's medical records; (4) a screenshot of a portion of the hacked Facebook message from 2015; (5) Prasad's petition seeking Hendrix's involuntary commitment filed December 25, 2020; and (6) Prasad's petition for an emergency substantial risk order against Hendrix filed December 28, 2020.

Prasad testified that she messaged Hendrix because she bought their son presents and wanted to ensure that Hendrix had not purchased the same items. She stated that she sent the documents to the court "in the interest of transparency." Prasad testified that she wants to be a part of her son's life but acknowledged that she was not to contact Hendrix directly.

Prasad argued that the contact was minor and nonthreatening and asked the court to impose a sentence of time served. The court disagreed, stating that, "[t]aken in the context of this case," the Facebook message was "dangerous" and "threatening" and that the faxed materials "multiplie[d] the anxiety of anyone familiar with the history or facts of this case." The court found that Prasad violated the requirement to be of good behavior, and revoked Prasad's ten-year arson sentence and resuspended seven years, for a total active sentence of three years' imprisonment.

## II. ANALYSIS

Prasad argues that the court abused its discretion by imposing three years of her suspended sentence for what she characterizes as a minor, technical violation of the plea agreement. "The statutes dealing with probation and suspension are remedial and intended to give the court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the

probation period, or within the period of suspension fixed by the court."[3]  Code § 19.2-306(A).

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the

trial court has the power to revoke the suspension of the sentence in whole or in part."  *Alsberry*

*v. Commonwealth*, 39 Va. App. 314, 320 (2002).

"In revocation appeals, the trial court's 'findings of fact and judgment will not be

reversed unless there is a clear showing of abuse of discretion.'"  *Jacobs v. Commonwealth*, 61

Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "The

evidence is considered in the light most favorable to the Commonwealth, as the prevailing party

below."  *Id.*

After considering the evidence presented, the court imposed the sentence that it deemed

appropriate.  The record establishes sufficient cause to revoke Prasad's suspended sentence

because she admitted violating the no-contact provision within weeks of being sentenced on the

underlying charges.  The court also considered the history of the case.  Although the contact

could be considered innocuous, the record supports the court's conclusion that Prasad was

continuing her behavior of making false allegations against Hendrix, and disparaging him in her

filings.[4]  "When coupled with a suspended sentence, probation represents 'an act of grace on the

---

[3] Code § 19.2-306(C) was amended effective July 1, 2021.  2021 Va. Acts Sp. Sess. I ch. 538.  The revocation proceedings in this case occurred before July 1, 2021, and the amendments do not apply.

[4] Prasad argues on appeal that the court's consideration of the documents she faxed to the court violated her due process rights.  She has forfeited that argument for two reasons.  First, that argument does not fall within Prasad's sole assignment of error, which challenges only her sentence as an abuse of discretion.  *See* Rule 5A:20(c).  Second, and more crucially, Prasad did not object to the court's consideration of those documents, documents that she herself sent to the court unsolicited.  "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  Prasad does not invoke the ends of justice exception to Rule 5A:18, and this Court does not do so *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008). Prasad failed to make productive use of the grace that had been extended to her. Accordingly, we find no abuse of discretion with the trial court's decision.

Furthermore, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000). "No punishment authorized by statute, even though severe, is cruel and unusual unless it is one 'prescribing a punishment in quantum so severe for a comparatively trivial offense that it would be so out of proportion to the crime as to shock the conscience . . . .'" *Id.* (quoting *Hart v. Commonwealth*, 131 Va. 726, 745 (1921)). Considering Prasad's entire course of behavior, we do not find the sentence imposed "shock[ing to] the conscience." *Id.* (quoting *Hart*, 131 Va. at 745).

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*