COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank[*]


GERARD BUNN

MEMORANDUM OPINION[**]

v.      Record No. 1343-22-1                                              PER CURIAM
                                                                         JUNE 6, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Gerard Bunn appeals the circuit court's judgment revoking his previously suspended

sentence and imposing one year of active incarceration for the fifth revocation of a previously

suspended sentence. Bunn argues that the circuit court abused its discretion by failing to

conscientiously weigh the mitigating circumstances he presented against his violation conduct

and record. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

[**] This opinion is not designated for publication. See Code § 17.1-413.

BACKGROUND

In December 2001, the circuit court convicted Bunn for operating a motor vehicle after being declared a habitual offender, second or subsequent offense. The circuit court sentenced Bunn to five years' incarceration with two years and seven months suspended, conditioned on his good behavior and indeterminate supervised probation. Bunn's previously suspended sentence was revoked and resuspended in 2007, 2011, and 2015, and revoked and resuspended, in part, in 2019. Bunn finished his term of active incarceration and returned to supervised probation in March 2020. At this point, Bunn had a two-year suspended sentence remaining on the habitual offender conviction (date of offense being August 4, 2001).

In October 2021, Bunn's probation officer reported that Bunn had repeatedly failed to report as instructed, failed to provide COVID-19 or medical documentation for his missed appointments, and recently tested positive for fentanyl. The circuit court issued a capias on October 20, 2021, which was served on Bunn on July 28, 2022.

On August 4, 2022, Bunn was released on a secured bond. The bond order instructed that Bunn's probation officer would issue a PB-15[1] if Bunn failed to report to the probation officer, tested positive for drugs, or failed to report for his drug screens. By addenda, Bunn's probation officer reported that Bunn tested positive for fentanyl and methadone on August 10, 2022. Bunn reported to his weekly drug screen on August 24, 2022, however, he left the premises before his probation officer could serve the PB-15.

At the revocation hearing, Crystal Bonneville, Bunn's probation officer, testified that Bunn began supervised probation on March 20, 2020, and he "appeared to be adjusting well." Bunn had maintained monthly telephone contact because of COVID-19 restrictions. Bonneville assumed Bunn's supervision on September 9, 2020, and instructed Bunn to report to the probation office on

---

[1] A PB-15 is a document permitting a probation officer to take an individual into custody.

October 26, 2020. On that date, however, Bunn failed to report, claiming that he had had a possible COVID-19 exposure. Bonneville instructed Bunn to "get tested, submit documentation." Bunn failed to submit any medical documentation.

Bunn maintained monthly telephone contact with Bonneville, contending that he could not report to the probation office because he was ill, "possibly exposed to COVID, and was receiving medical attention." On May 19, 2021, Bunn submitted documentation that "indicated he needed to isolate for 10 days." Bunn did not report to the probation office, however, until July 21, 2021. During that visit, he tested positive for fentanyl. Although Bunn attributed the positive test to a tetanus shot he received when he suffered a leg injury, he failed to submit documentation of the vaccine or the purported injury. Bunn then failed to report for two subsequent appointments. Bonneville continuously instructed Bunn to submit medical documentation but Bunn failed to do so. Bunn tested positive for drugs twice after his release on bond.

Bunn testified that he was employed as an electrician—a skill he had learned while he was incarcerated. In 2009, Bunn had suffered a broken back and was prescribed Oxycontin, Percocet, and hydrocodone, following which he became addicted to opiates. Bunn acknowledged his addiction and that he needed treatment. He claimed that he had unsuccessfully tried to obtain treatment through probation in 2019. Bunn explained that he did not provide medical documentation to Bonneville because he was hospitalized. In addition, Bunn failed to bring his medical records to court because he did not "think [he] needed them." Bunn agreed that he went to his probation appointment on August 24, 2022, but testified that he received a telephone call indicating "something" was wrong with his 84-year-old mother, so he "took right off." Bunn testified that his fiancée supported him. The circuit court found Bunn had violated the terms and conditions of his previously suspended sentence.

The Commonwealth asked the circuit court to impose a sentence within the guidelines and release Bunn from probation. The Commonwealth was concerned with Bunn's behavior while on probation because, in the Commonwealth's view, Bunn had "made it clear" that he was not willing to cooperate with probation when he failed to attend scheduled appointments or provide the necessary documentation "that could have excused some of his absences."

Bunn asked the circuit court to give him another opportunity to succeed on probation and receive treatment for his addiction. Bunn stressed that the pain medication the doctors prescribed for his back injury caused his addiction. Bunn wanted to go home, return to work, and receive the treatment he needed.

In allocution, Bunn stated that he originally was convicted on a driving charge and was sent "to prison all these years for nothing." He had never received substance abuse treatment and was willing to do "anything" the court wanted him to do. The circuit court acknowledged Bunn's addiction and his plea for treatment. The circuit court found that Bunn had clearly avoided his probation officer's efforts to assist him and had a "history of violations for many of the same offenses." The circuit court revoked Bunn's previously suspended two-year sentence and resuspended one year. Bunn appeals, arguing that the circuit court abused its discretion when it imposed a one-year active sentence because it failed to give proper weight to his mitigating evidence.[2]

## ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

---

[2] Bunn further argues that the circuit court failed to consider that his original offense was based on a habitual offender statute which has since been repealed by the General Assembly. Bunn did not raise this contention to the circuit court, however, so we do not consider it on appeal. *See* Rule 5A:18.

inferences that may properly be drawn from it.""" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, once it found that Bunn had violated the terms of the suspension, the circuit court was authorized to "revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Under the express provisions of Code § 19.2-306.1(C), "[t]he court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation."

In his opening brief, Bunn does not contest that he violated the conditions of his suspended sentence by testing positive for drugs and failing to report to his probation officer. Instead, he argues that the circuit court abused its discretion by failing "to weigh[] the mitigating circumstances" he presented "against his violation conduct and record." Citing several unpublished cases, Bunn stresses that he did not return before the circuit court with new convictions. Instead, he contends that his "conduct was limited" to testing positive for drugs and failing to report to his probation officer.

In fashioning Bunn's sentence, it was within the circuit court's purview to weigh any mitigating factors he presented, including his employment status, his willingness to obtain substance abuse treatment, and his family support. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the circuit court considered the mitigating evidence Bunn

presented. Balanced against those circumstances, however, was Bunn's continuous disregard for the circuit court's orders and the rules of probation, resulting in five total revocations. Moreover, although the circuit court revoked his previously suspended sentence, it resuspended one year. That ruling reflects the circuit court's careful balancing of the evidence and circumstances in this case, including its finding that Bunn avoided the efforts by probation officers to assist him.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Bunn's continued disregard of the terms of his suspended sentence supports the circuit court's finding that some active incarceration was appropriate. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Bunn failed to make productive use of the grace that was repeatedly extended to him.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the circuit court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

Finding no abuse of the circuit court's sentencing discretion, its judgment is affirmed.

*Affirmed.*