COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

BRANDON EDWARD JONES, A/K/A
 EDWARD BRANDON JONES

v.      Record No. 0015-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JULY 5, 2023

FROM THE CIRCUIT COURT BRUNSWICK COUNTY
W. Allan Sharrett, Judge

(Kathleen A. Ortiz; Law Office of Kathleen A. Ortiz, PLLC, on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Brandon Edward Jones (a/k/a Edward Brandon Jones) appeals the trial court's judgment

revoking his previously suspended sentence and imposing four years of active incarceration.

Jones argues that the trial court abused its discretion by failing to weigh the mitigating

circumstances he presented and imposing an "excessive" sentence. After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial court's

judgment is affirmed.

### BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

inferences that may properly be drawn from it.""" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In November 2008, Jones pleaded guilty to grand larceny. By final order of January 15, 2009, the trial court sentenced Jones to ten years' imprisonment, with eight years suspended conditioned upon his keeping the peace, remaining of good behavior, and paying restitution. In April 2022, the Commonwealth asked the trial court to issue a capias, asserting that Jones had violated the good behavior provision of his previously suspended sentence because he had suffered multiple new felony convictions, including drug-related offenses, two thefts, and a burglary.

At the revocation hearing, Jones stipulated that he had violated the good behavior provision based on the new convictions. He provided the trial court with a certificate of completion of the "Celebrate Recovery Inside" program. The Commonwealth relied on the information it had proffered in its request for the capias. The Commonwealth also proffered that Jones's criminal history included two grand larceny convictions and a domestic assault conviction that occurred before Jones's underlying grand larceny conviction.

Addressing an appropriate sentence, the Commonwealth acknowledged that Jones had a "severe" drug addiction. The Commonwealth posited that Jones committed thefts and burglaries "to sustain [his] addictions." Although Jones had been "honest and cooperative" with officers when they stopped him, the Commonwealth argued that his crimes had left a "trail of victims," placed his life in danger, and that he was a danger to the public. The Commonwealth asked the trial court to revoke Jones's previously suspended sentence in its entirety to protect Jones and the community.

Jones discounted the Commonwealth's stated concerns for the safety of the community because it waited until he had committed numerous violations before it moved the trial court to revoke his suspended sentence. He asked the trial court to consider a "lesser sentence" and order him to serve his sentence in the therapeutic community so he could "get the resources" he needed to address his drug addiction. He did not dispute that the new convictions occurred while he was under the good behavior condition, but he argued that the underlying cause of his convictions was his drug addiction. Jones argued that incarceration would not address his drug addiction.

The trial court found that in the preceding five years, Jones had incurred seven felonies that "implicate[d] public safety." Although it agreed that Jones was in the "desperate grip of a drug addiction," the trial court found that he had failed to avail himself of multiple opportunities to secure drug rehabilitation or therapy. Finding that Jones had violated the terms and conditions of his previously suspended sentence, the trial court revoked Jones's previously suspended sentence with four years resuspended. Jones appeals, arguing that the trial court abused its discretion when it sentenced him to four years' incarceration which was "a four-fold increase over" the high end of the discretionary revocation sentencing guidelines.[1]

ANALYSIS

After suspending a sentence, a trial court may, subject to provisions of Code § 19.2-306.2, "revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, once it found that Jones had violated the terms of the suspension, the trial court was authorized to "revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Under the express provisions of Code

---

[1] The discretionary revocation sentencing guidelines recommended no incarceration to one year of incarceration.

§ 19.2-306.1(B), if the basis of the violation "is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended."

Jones did not contest the violation of the conditions of his suspended sentence; indeed, he stipulated that he had violated the good behavior condition. He argues only that the trial court should have given more weight to his mitigation evidence. Specifically, Jones argues that the trial court failed to consider that this was his first violation and he had sought help for his addiction while he was incarcerated. The weight to give any mitigating factors presented by the defendant is within the trial court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the trial court considered Jones's criminal history and acknowledged that he was in the "desperate grip of a drug addiction." However, the trial court found that Jones had incurred seven felonies that "implicate[d] public safety" and had squandered multiple opportunities to secure drug rehabilitation or therapy. Balancing those factors against Jones's mitigating evidence, the trial court determined an active sentence of four years was appropriate.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Jones disregarded the terms of his suspended sentence and, thus, showed that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Jones failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

- 4 -

Jones also argues that the trial court abused its discretion when it imposed an active sentence that was "a four-fold increase over" the high end of the discretionary revocation sentencing guidelines. By operation of law, "[f]ailure to follow the provisions of [the sentencing revocation report and revocation sentencing guidelines] or failure to follow these provisions in the prescribed manner" is not reviewable on appeal. Code § 19.2-306.2(D).

We hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*