COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

DEON MARCEL GATLING

MEMORANDUM OPINION*
v.      Record No. 1679-22-1                                    PER CURIAM
                                                               AUGUST 1, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

(Kelsey Bulger, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.


Deon Marcel Gatling appeals the trial court's decision revoking his previously suspended

sentence and imposing a sixteen-year active sentence. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76

(2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In

revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In 2009, Gatling was convicted of robbery, attempted malicious wounding, and receipt of a stolen firearm. On the robbery offense, he was sentenced to 20 years' incarceration, with 16 years suspended. Gatling received a five-year sentence on the attempted malicious wounding conviction, all of which was suspended. On the firearm offense, he was sentenced to four years' incarceration, with three years suspended.

Following his release, Gatling began supervised probation on June 4, 2015. On January 24, 2022, his probation officer filed a major violation report stating that Gatling had suffered new convictions for abduction, robbery, conspiracy to bribe witnesses, use of a firearm in the commission of a felony, possession of a firearm by a violent felon, larceny of a credit card number, damaging a phone line, and petit larceny. A capias was issued on January 28, 2022. At the revocation hearing, Gatling stipulated that he violated his probation through his new convictions. Nevertheless, he asked the trial court to consider the lengthy, nearly 13-year sentence already imposed on the new offenses and to impose only eight years' active time for the probation violation so that he might be released while he was still young enough to "start over."

The trial court revoked Gatling's 16-year suspended sentence on the robbery conviction without resuspending any of it. It also revoked his suspended sentences on the firearm and attempted malicious wounding offenses, but it resuspended all eight years of those sentences. The trial court noted that an additional eight-year active sentence would have been "appropriate," but it suspended that time because of the lengthy sentences imposed on the new convictions.

ANALYSIS

Gatling asserts that the trial court abused its discretion by sentencing him to 16 years on his first probation violation. He contends that his sentence constituted an abuse of discretion

because the trial court "ignored [his] potential for rehabilitation" and "failed to give adequate weight to the significant amount of time [he] had already received for the new convictions." Gatling stresses that he had been successful on probation for four years before he committed the new offenses. He also emphasizes that the trial court imposed more active time for his probation violation than he received for the new offenses.

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* As relevant to Gatling's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that appellant had suffered new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentence. *Id.* It was equally within the trial court's purview to weigh any mitigating factors. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

The record reflects that the trial court considered the mitigating circumstances cited by Gatling on appeal. Although the trial court recognized that Gatling "did well" "for a little bit of time," it stressed that he committed robbery, "the exact same offense" for which he was on probation. Balanced against Gatling's mitigating circumstances was his commission of multiple new offenses, including violent felonies and offenses involving a firearm. "The statutes dealing

with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering the nature and number of Gatling's new offenses, the trial court reasonably could conclude that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Gatling failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct.

Thus, having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the original] offenses and his continuing criminal activity").

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*